# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| FATE MARTIN, JR., Register No. 176276, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-4047-CV-C-SOW |
| ) | |
| DANA MEYER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Fate Martin, Jr., an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Superintendent Dana Meyer and Dr. Alfred Garcia.

Plaintiff complains that while incarcerated at Fulton Reception and Diagnostic Center, he fell and injured his right hand and shoulder, resulting in a broken hand and a torn rotator cuff, which required surgery. Plaintiff alleges that Dr. Garcia should have diagnosed the shoulder injury and ordered medical care, but did not.

Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims against Dr. Garcia should be dismissed. Plaintiff does not allege that Dr. Garcia knew how serious the injury was; only that he should have known. This is nothing more than negligence. Plaintiff can ultimately succeed only if he can prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). See also Farmer v. Brennan, 511 U.S. 825 (1994). Allegations of mere negligence in the treatment of his medical condition or claims based upon a difference of opinion over matters of medical judgment or expertise fail to state a federal constitutional question, absent exceptional circumstances. Id.; Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976); Seward v. Hutto, 525 F.2d 1024 (8th Cir. 1975); Jones v. Lockhart, 484 F.2d 1192 (8th Cir. 1973); Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970). Although allegations of mere negligence in the treatment of an inmate will not suffice, factual statements which indicate a denial of necessary treatment for a serious medical condition, or deliberate indifference with such treatment, may form the basis of an actionable claim under the Eighth Amendment. And, in this respect, plaintiff's complaint is to be afforded a liberal construction, as required by Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's claims against Superintendent Dana Meyer should also be dismissed. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge